h ARMSTRONG, Judge.
We granted the writ application filed by defendant-relator Baha Development, Inc. to determine the correctness of the trial court’s denial of its exception of improper venue.
Plaintiffs-respondents Carolyn and Percy Howard Sr. filed this wrongful death action against Baha after their child Percy Howard Jr. drowned in a swimming pool located at the Arlington Apartments complex in Jefferson Parish.[1] The apartment complex is owned by Cyrus II Partnership. Cyrus II is a Louisiana partnership in eommendam with it’s principal and only place of business located at the Arlington Apartments in Jefferson Parish. Baha Development, Inc. is an Ohio corporation licensed to do and doing business in the State of Louisiana with its principal business establishment located in Orleans Parish. The Baha corporation, according to an affidavit by its Executive Vice-President Sheila Manale, is the managing general partner in the Cyrus II partnership in commen-dam (and apparently the only general partner). The two partners in eommendam or limited partners in Cyrus II are Mondona Rafizadeh and Schumann Rafizadeh. Schumann Rafizadeh also serves as the Vice President of Baha.
After plaintiffs sued Baha, it raised an exception of non-joinder of an indispensable party, namely, Cyrus II. The trial court granted the exception and Cyrus II was joined as a defendant. Defendants subsequently raised an exception of improper venue. The trial court denied the exception and Baha sought supervisory review from this court.
_]jThe general rules of venue in La.C.C.P. art. 42 provide in pertinent part:
The general rules of venue are that an action against:
⅜ ⅜ ⅜ ⅜ ⅜ #
(3) A domestic partnership, or a domestic unincorporated association, shall be brought in the parish where its principal business establishment is located.
La.C.C.P. art. 78 provides:
Except as provided in Article 79 [concerning actions to dissolve partnerships], an action against a partner of an existing partnership on an obligation of the latter, or on an obligation growing out of the partnership, shall be brought in any parish of proper venue as to the partnership.
Defendant-relator argues that these articles govern and since Cyrus II, the owner of the Arlington Apartments where the child drowned, is a domestic partnership with its principal place of business, the apartment complex itself, located in Jefferson Parish, Jefferson is the parish of proper venue.
In opposition plaintiffs-respondents argue that Cyrus II is only a partnership in corn- *420 mendam and “has no authority to conduct business in any way” and that as a partnership in commendam “has no liability what-soever.” Plaintiffs submit that it is Baha, as the only general partner in the Cyrus II in commendam partnership, which is the liable party and Baha, they claim, is domiciled in Orleans Parish which is the parish of proper venue.
Plaintiffs are incorrect in these assertions. A partnership in commendam consists of one or more general partners with all powers, rights and obligations of partners and one or more partners in commendam, or limited partners, whose powers, rights and obligations are governed by the rules peculiar to partnerships in commendam. La.C.C. art. 2837. However, the provisions pertaining to partnerships in general also apply to partnerships in commendam to the extent they are consistent with the in commendam provisions. La.C.C. art. 2836. One such general partnership provision which is at least partially applicable to in commendam partnerships is La.C.C. art. 2801 which defines a partnership as a “juridical person, distinct from its partners.” A partnership in com-mendam is also a juridical person, distinct from its partners. La.C.C. art. 2817 provides that “[a] partnership as principal obli-gor is primarily liable for its debts.” The Revision Comments — 1980 to La.C.C. art. 2817 state in pertinent part:
| a (a) This article sets forth the rule that creditors must look to the partnership first for the debts of the partnership. The partners are only secondarily hable....
There is no merit to the plaintiffs’ argument that Cyrus II cannot be held hable in this case simply because it is a partnership in commendam.
The Cyrus II in commendam partnership owns the Arlington Apartments, located in Jefferson Parish, where its principal and only place of business is located. Baha, the corporation which managed the apartment complex for Cyrus II, did so as a general partner in the Cyrus II in commendam partnership. Therefore, under La.C.C.P. arts. 42(3) and 78, the parish of proper venue for an action against Cyrus II and/or Baha is Jefferson Parish, where Cyrus II’s principal business estabhshment is located.
The trial court erred in overruling defendant Baha’s exception of improper venue. We reverse the judgment of the trial court and remand this case for further proceedings consistent with this decision.

WRIT GRANTED; REVERSED AND REMANDED.

. The corporation’s name was changed to "Ba-har Development, Inc.” subsequent to the events forming the basis of this suit.